**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerold Wolf,<br><br>Plaintiff,<br><br>v.<br><br>Sierra Vista, et al.,<br><br>Defendants. | No. CV-13-00114-TUC-JGZ<br><br>**ORDER** |

Pending before the Court is a Motion for Summary Judgment filed by Defendants City of Sierra Vista, Sierra Vista City Manager Charles P. Potucek and Sierra Vista Chief of Police Ken Kimmel ("Defendants") on January 31, 2014.[1] (Doc. 19.) Plaintiff Jerold Wolf ("Wolf") filed a response to the Motion on March 17, 2013. (Doc. 23.) Defendants filed a reply on April 4, 2014. (Doc. 25.) Defendants seek summary judgment on Plaintiff's claims of libel, slander, false light, defamation, arbitrary demotion in violation of Arizona law, unreasonable discipline in violation of A.R.S. § 38-1104 and violation of due process under Arizona and federal law. For the reasons stated herein, the Court will grant the Motion in part and remand this case to the Cochise County Superior Court.[2]

**FACTUAL / PROCEDURAL BACKGROUND**

Plaintiff worked as an officer with the City of Sierra Vista Police Department

---

[1] Defendants Charles Potucek and Ken Kimmel were never served in their individual capacities and are therefore sued only in their official capacities. (Doc. 1-2, pg. 2; Doc. 10, pg. 18.)

[2] This case is suitable for decision without oral argument. *See* L.R. Civ. 7.2(f).

("SVPD") for 15 years. (DSOF 1; PSOF 1.)[3] On July 5, 2010, Plaintiff was promoted to Corporal on a six-month probationary basis. (DSOF 2-3; PSOF 2-3.)

In October 2010, Plaintiff received an unfavorable performance evaluation.[4] (Doc. 20-2, pgs. 2-16.) On October 28, 2010, Chief Kimmel wrote a "Memorandum of Record" to Plaintiff stating that the evaluation was unacceptable and that if Plaintiff did not immediately improve, Chief Kimmel would recommend that his probationary period be extended. (Doc. 20-2, pg. 2.)

On January 2, 2011, Plaintiff received another evaluation of his performance following the October 2010 assessment. (DSOF 8; PSOF 8; Doc. 20-2, pgs. 18-32.) The evaluation stated that Plaintiff was not performing to expectation. (*Id*.) Plaintiff refused to sign the evaluation and wrote in the "employee comments" section of the evaluation that the evaluation did not reflect his performance. (Doc. 20-1, pg. 9; Doc. 20-2, pg. 18.) On January 10, 2011, Plaintiff's probationary status was extended for an additional six months. (DSOF 15; PSOF 15.)

On September 26, 2011, Donna Hilton of the City of Sierra Vista Human Resources Department sent a letter to Plaintiff informing him that Chief Kimmel had recommended that Plaintiff be demoted from Corporal to his former position as a police officer. (Doc. 20-2, pg. 39.) The letter advised Plaintiff that he would have an

---

[3] Defendants' Statement of Facts in Support of Defendants' Motion for Summary Judgment (Doc. 20) is abbreviated herein as "DSOF." Plaintiff's Controverting Statement of Facts (Doc. 24, pgs. 1-27) is abbreviated herein as "PSOF." Plaintiff's Additional Statements of Fact (Doc. 24, pgs. 27-30) is abbreviated herein as "PPSOF."

[4] Plaintiff objects to the admissibility of nearly every exhibit attached to DSOF on the grounds that the exhibits are unauthenticated, lack foundation and contain hearsay. Because the Court does not rely on the exhibits in reaching its decision in this matter, it need not address Plaintiff's objections. However, the Court notes that Plaintiff established a foundation for most of Defendant's exhibits during his deposition. In addition, the evaluations and the internal memoranda related to Plaintiff's employment are admissible under the business records hearsay exception. *See* Fed. R. Evid. 803(6). Plaintiff's statements contained in the affidavit of Mary Chatham are admissible as party admissions. *See* Fed. R. Evid. 801(d)(2). The Court also notes that Plaintiff relies on statements contained in his evaluation in his PSOF. (Doc. 24, pgs. 2-5.) Finally, Rule 56(c)(2), Fed. R. Civ. P., permits a party to object to material cited to support a fact only if that material cannot be presented in a form that would be admissible in evidence. Plaintiff fails to demonstrate that Defendants would be unable to properly authenticate, lay foundation for, or overcome hearsay issues related to the documents attached to DSOF.

1   opportunity to address the grounds for the demotion at an internal administrative hearing
2   on October 6, 2011.  (*Id*.)  On that date, Plaintiff attended a hearing with City Manager
3   Potucek. (Doc. 20-1, pg. 17.)  Ms. Hilton and a representative of the police officer's
4   association also attended the meeting.  (*Id*.)  Plaintiff explained why he disagreed with
5   the recommendation that he be demoted.  (*Id*.)  Following the October 6, 2011 hearing,
6   the City adopted the Chief's recommendation and demoted Plaintiff effective October 13,
7   2011. (DSOF 19; PSOF 19.)

8   Plaintiff appealed the City's decision and, pursuant to the City's policies, was
9   afforded the opportunity to present his appeal to a hearing officer in the form of an
10  evidentiary hearing. At the November 8, 2011 hearing, Plaintiff was represented by
11  counsel, testified and cross-examined witnesses.  (DSOF 20-21; PSOF 20-21.)  On
12  November 28, 2011, the hearing officer recommended that the City Manager rescind the
13  discipline and reinstate Plaintiff as a Corporal in the SVPD.  (DSOF 22; PSOF 22.)

14  The parties dispute what happened next.  According to Defendants, their attorney
15  sent an email to Plaintiff's attorney on December 5, 2011, stating that City Manager
16  Potucek was not inclined to adopt the hearing officer's recommendation and that it was
17  within City Manager Potucek's authority to demote Plaintiff back to the job of regular
18  line officer.  (DSOF 23-24.)  Defendants' counsel indicated that, as a compromise, City
19  Manager Potucek was willing to allow Plaintiff to choose an assignment as either the
20  School Resource Officer or as an officer in the property crimes unit following his
21  demotion.  (DSOF 26; Doc. 20-3, pg. 16.)  On that same date, Plaintiff's counsel emailed
22  Defendants' counsel and stated that Plaintiff had agreed to accept the position in the
23  property crimes unit.  (DSOF 26; Doc. 20-3, pg. 18.)  On December 7, 2011, City
24  Manager Potucek issued a Memorandum to Plaintiff stating: "On October 14, 2011, you
25  submitted an appeal to your demotion from the position of Police Corporal to Police
26  Officer.  During the process an agreement was reached that you would be assigned to the
27  Property Crimes Unit effective December 7, 2011."  (DSOF 29; Doc. 20-3, pg. 20.)

28  Plaintiff objects to the admissibility of the emails between his counsel and

1 Defendants' counsel on the grounds that the emails have not been authenticated, contain hearsay and lack foundation. (Doc. 24, pgs. 15-19.) Plaintiff acknowledges that he received the December 7, 2011 Memorandum from City Manager Potucek, but denies that he reached an agreement with Defendants to forego his appeal of his demotion in exchange for assignment in the property crimes unit. (Doc. 24, pg. 20.) According to Plaintiff, the property crimes position was offered to him as an "olive branch," but was not intended to end his appeal. (Doc. 20-1, pg. 23.)

It is undisputed that Officer Mary Chatham had been slated to fill the open property crimes position. (DSOF 30; PSOF 30.) Officer Chatham stated in an affidavit that Plaintiff told her he had accepted the property crimes position as part of a compromise with the City to resolve his appeal of his demotion from Corporal. (Doc. 20-3, pg. 22.)

On June 2, 2012, Plaintiff filed a Notice of Claim pursuant to A.R.S. § 12-821.01. (DSOF 38; PSOF 38.) Plaintiff filed the instant action on November 6, 2012 in Cochise County Superior Court. (Doc. 1.) Plaintiff's Complaint alleges eight counts against Defendants: (1) libel and slander per quod in violation of Arizona law; (2) libel and slander per se in violation of Arizona law; (3) libel and slander (false light) in violation of Arizona law; (4) defamation in violation of Arizona law; (5) arbitrary demotion in violation of Arizona law; (6) unreasonable discipline of a law enforcement officer in violation of A.R.S. § 38-1104[5]; (7) violation of Arizona's Due Process clause, Ariz. Const. Art. II.4; and (8) violation of the due process rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

Defendants removed the action to this Court on February 25, 2013. (*Id.*) Review of the docket indicates that while Defendants served Plaintiff with disclosure and discovery requests and deposed Plaintiff, Plaintiff did not provide Defendants with any

---

[5] On April 25, 2014, portions of Title 38 of the Arizona Revised Statutes were repealed and the statutes were renumbered. *See* 2014 Arizona House Bill No. 2562, Arizona Fifty-First Legislature - Second Regular Session (Apr 25, 2014). Accordingly, Plaintiff's claim for unreasonable discipline of a law enforcement officer now arises under A.R.S. § 38-1103.

disclosure and did not engage in any discovery in this matter.[6] Defendants filed the instant Motion following the close of discovery.

## STANDARD OF REVIEW

In deciding a motion for summary judgment, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the party opposing the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Eisenberg v. Insurance Co. of North America*, 815 F.2d 1285, 1289 (9th Cir. 1987).

Summary judgment is appropriate if the pleadings and supporting documents "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party moving for summary judgment initially must demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 325. The moving party merely needs to point out to the Court the absence of evidence supporting its opponent's claim; it does not need to disprove its opponent's claim. *Id.; see also* Fed. R. Civ. P. 56(c).

If a moving party has made this showing, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). *See also Anderson*, 477 U.S. at 256; *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995). The nonmoving party may not "replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990).

---

[6] Some of the documents attached to Defendants' Statement of Facts contain Bates numbers which suggest that Plaintiff provided some disclosure to Defendants (see, e.g., Doc. 20-2, pgs. 39-42), but Plaintiff did not file any notice of service of disclosure as required by LRCiv 5.2.

## ANALYSIS

Defendants move for summary judgment on six grounds: (1) Plaintiff's claims for libel, slander, defamation and violation of due process under Arizona law are untimely; (2) Plaintiff's claims for libel, slander and defamation fail as a matter of law; (3) Plaintiff's claims that he was arbitrarily demoted and unreasonably disciplined are barred by his agreement to accept the demotion in exchange for the opportunity to choose his assignment; (4) Plaintiff's claims that he was arbitrarily demoted and unreasonably disciplined are time-barred; (5) Plaintiff's claims that he was arbitrarily demoted and unreasonably disciplined fail as a matter of law; and (6) Plaintiff's due process claims fail as a matter of law. Because the Court concludes that Plaintiff's only federal claim is without merit, the Court declines to reach the merits of Defendants' other arguments and remands this case to the Cochise County Superior Court.

**1. Plaintiff's due process claims fail as a matter of law.**

Seven of the eight counts in Plaintiff's Complaint arise under state law. The only federal claim alleged by Plaintiff is Count 8, in which Plaintiff alleges a § 1983 claim for violation of his procedural due process rights. (Doc. 1-3, pg. 11.) Plaintiff's sole federal claim is without merit as to both the City of Sierra Vista and the individual Defendants sued in their official capacity. In order for a municipality to be liable for a section 1983 violation, the action alleged to be unconstitutional must implement a policy officially adopted by the municipality. *See Miranda v. City of Cornelius*, 429 F.3d 858, 869 (9th Cir. 2005). Plaintiff has failed to allege that the City of Sierra Vista adopted a formal policy of depriving employees' of their due process rights.[7] Similarly, an action against a municipal officer in his official capacity is the functional equivalent of a direct action against a municipality. *See Newman v. City of Phoenix*, 2013 WL 1947412, *2 (D. Ariz. 2013). Because Plaintiff has failed to state a claim against the City of Sierra Vista, he has also failed to state a claim against Defendants Kimmel and Potucek, sued in their official

---

[7] Plaintiff did not respond to Defendants' argument that Plaintiff had not alleged a formal policy adopted by the City of Sierra Vista (Doc. 19, pg. 13), and apparently concedes this point.

capacities. Although Plaintiff makes a cursory allegation that Defendants Kimmel and Potucek were policymakers who ratified the violation of his due process rights (Doc. 24, pg. 29), that allegation is not supported by any admissible evidence.[8]  Accordingly, Plaintiff's Complaint does not include a viable federal claim.

Because Defendants are entitled to summary judgment on Plaintiff's only federal claim, the Court declines to exercise jurisdiction over the remaining state law claims. A district court may decline supplemental jurisdiction over state law claims if any of four factors are met: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *See* 28 U.S.C. § 1367(c); *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims).

//
//
//
//
//
//
//
//
//

---

[8] Pursuant to *Monell v. Dept. of Soc. Services*, 436 U.S. 658, 694 (1978), a plaintiff may establish municipal liability by proving that the alleged constitutional deprivation was ratified by an official with final policymaking authority. Plaintiff elected not to conduct any discovery on this issue (or any other issue in this case). Instead, in support of his claim that Defendants Kimmel and Potucek were policymakers, Plaintiff cites to his deposition testimony. However, nothing in his deposition relates to Defendant Kimmel's or Defendant Potucek's final policy-making authority. (Doc. 20-21, pg. 20.)

- 7 -

1   Defendants present numerous arguments in support of their Motion for Summary
2   Judgment on Plaintiff's state law claims. Because these arguments arise solely under
3   Arizona law and concern the merits of Plaintiff's surviving state law claims, this Court
4   would defer to the state court's consideration of these issues—should Defendant raise
5   them—following remand of this case.[9]

6   //

7   //

---

[9] The Court notes that it appears that Counts 1-4 of Plaintiff's Complaint are without merit. Under Arizona's notice of claim statute, a plaintiff with a claim against a public entity or employee must first file a notice of claim with the person authorized to accept service on behalf of that entity or employee within 180 days after the cause of action accrues. A.R. S. § 12–821.01(A). Compliance with the notice provision is a "mandatory and essential prerequisite," *Martineau v. Maricopa County*, 86 P.3d 912, 914 (Ariz. App. 2004), and a plaintiff's failure to comply bars any claim. *Falcon v. Maricopa County*, 144 P.3d 1254, 1256 (2006). In addition, Arizona law imposes a one-year statute of limitations for all state law claims against a municipality. *See* A.R.S. § 12-821. A claim accrues when the plaintiff realizes he has been damaged and knows or should know the cause of the damage. *See* A.R.S. § 12-821.01 (B). At his deposition, Plaintiff identified two letters that he believed defamed his reputation: (1) a September 23, 2011 memorandum from Chief Kimmel to City Manager Potucek in which Chief Kimmel states that Plaintiff "fails to recognize [his] shortcomings when presented to him by his supervisors"; and (2) an October 11, 2011 memorandum from City Manager Potucek to Plaintiff stating "I cannot overlook your lack of acknowledgement of the errors in judgment." (Doc. 20-1, pgs. 26-27; Doc. 20-2, pg. 41, 42.) Plaintiff's June 2, 2012 notice of claim was not served within 180 days of the date these allegedly defamatory statements were made. In addition, Plaintiff's November 6, 2012 lawsuit was filed more than one year after the statements were made. Accordingly, Plaintiff's libel, slander and defamation claims would be barred by A.R.S. § 12-821.01(A) and A.R.S. § 12-821. Plaintiff's defamation claims suffer from a number of other deficits. Arizona law applies a one-year statute of limitations to defamation, libel and slander claims. *See* A.R.S. § 12-541; *Gulley v. Southwestern Eye Center*, 2008 WL 2115299 (D. Ariz. 2008). Plaintiff's claims would be time-barred under this statute. In addition, in a defamation case, qualified immunity will protect a public official if the facts establish that a reasonable person, with the information available to the official, "could have formed a reasonable belief that the defamatory statement in question was true and that the publication was an appropriate means for serving the interests which justified the privilege." *Chamberlain v. Mathis*, 729 P.2d 905, 913 (Ariz. 1986). As for Plaintiff's 11th hour claim that Defendants defamed him by disregarding the recommendations of the hearing officer and move forward with demoting Plaintiff, (Doc. 23, pg. 6), Plaintiff has not presented any admissible evidence in support of this assertion and it is directly contradicted by his deposition testimony. Plaintiff has also failed to demonstrate that Defendants' continued efforts to demote him despite the hearing officer's recommendation somehow constitute a "false statement." Defendants were not under a legal obligation to adopt the findings of the hearing officer. *See* A.R.S. § 38-1107(A). Finally, Plaintiff's claim that the applicable statutes of limitations for his defamation claims were tolled by the "continuing tort" doctrine is without merit; the continuing tort doctrine does not apply to defamation actions arising from a single, identifiable incident. *See Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002).

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED THAT Defendants' Motion for Summary Judgment filed on January 31, 2014 (Doc. 19) is GRANTED IN PART;

IT IS FURTHER ORDERED that this matter is REMANDED to the Superior Court of the State of Arizona, in and for the County of Cochise.

IT IS FURTHER ORDERED THAT the Clerk of the Court shall enter judgment in favor of Defendants as to Count 8 only and close the file in this matter.

Dated this 25th day of June, 2014.

_____
Jennifer G. Zipps
United States District Judge